UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**YUSUF EL-WILLIAMS,**

    **Plaintiff,**

v.                                 **Case No. 3:13cv578/MCR/CJK**

**MARVIN, DIRECTOR OF LAKEVIEW,**
**et al.,**

    **Defendants.**
_____/

**ORDER and**
**REPORT AND RECOMMENDATION**

This case, opened upon plaintiff's filing a complaint on the form for use by *pro se* litigants proceeding under 28 U.S.C. § 1331 or 42 U.S.C. § 1983, is before the court upon referral from the clerk. On November 12, 2013, the court issued an order directing plaintiff to file an amended complaint identifying the jurisdictional basis for this lawsuit, or a notice of voluntary dismissal. (Doc. 4).[1] After plaintiff failed to respond, the court issued an order directing plaintiff to show cause why this case should not be dismissed for failure to comply with an order of the court. (Doc. 5).

---

[1] Rule 8 requires the complaint to contain "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a). Plaintiff's complaint did not identify a jurisdictional basis, and the court could not discern one from plaintiff's allegations.

Plaintiff moved for a stay until his release from jail. (Doc. 9). On January 27, 2014, the court denied a stay and directed plaintiff to file, within twenty-one days, a notice of voluntary dismissal or an amended complaint, in compliance with the November 12, 2013 order. (Doc. 10). Having not received a notice of dismissal or amended complaint, the court issued another order to show cause on February 24, 2014. (Doc. 11). Plaintiff responds that he filed a notice of voluntary dismissal upon receipt of the January 27, 2014 order. (Doc. 12). The clerk has advised that plaintiff's notice of voluntary dismissal was docketed in another case on February 6, 2014 – *Yusuf El-Williams, et al. v. Kennedy*, Case No. 3:14cv14/LC/CJK – because plaintiff's notice bore that case caption and case number. (*See* Case No. 3:14cv14, Doc. 10). The court will direct the clerk to correct the docket entries, and will recommend that this case be dismissed pursuant to plaintiff's notice of voluntary dismissal.[2]

Accordingly, it is ORDERED:

The clerk shall docket a copy of this order in *Yusuf El-Williams, et al. v. Kennedy*, Case No. 3:14cv14/LC/CJK and, pursuant to this order, remove plaintiff's notice of voluntary dismissal from that case file, make a docket entry noting that the notice was posted in error and has been re-docketed in *Yusuf El-Williams v. Marvin, Director of Lakeview*, Case No. 3:13cv578/MCR/CJK, and re-docket plaintiff's notice of voluntary dismissal in this case.

And it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(a)(1)(A)(i), pursuant to plaintiff's notice of voluntary dismissal.

---

[2] Case No. 3:14cv14/LC/CJK was involuntarily dismissed on January 28, 2014, and plaintiff's appeal is pending.

*Case No: 3:13cv578/MCR/CJK*

2.  That the clerk be directed to close the file.

At Pensacola, Florida, this 4th day of March, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).